# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 1, 2013

Robert P. Young, Jr.,
Chief Justice

144722

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

MARK LANGTON,
      Plaintiff-Appellant,

v

STATE OF MICHIGAN,
      Defendant-Appellee.

SC: 144722
COA: 300639
Court of Claims: 08-000085-MH

_____/

On order of the Court, the application for leave to appeal the December 20, 2011 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the September 29, 2010 order of the Court of Claims denying in part the defendant's motion for summary disposition. The Court of Appeals clearly erred in applying principles of direct liability to grant summary disposition to the defendant on the plaintiff's vicarious liability claim. "Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other." *Theophelis v Lansing General Hospital*, 430 Mich 473, 483 (1988) (internal quotation and citation omitted). Because the theory of vicarious liability is not concerned with the acts or omissions of the principal, the Court of Appeals erred in holding that the defendant was entitled to summary disposition because it did not have a duty to intervene.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 1, 2013

_____
Clerk

h0424